[Civ. No. 4754.  Second Appellate District, Division Two.—June 4, 1924.]

## CITY OF SAN BERNARDINO (a Municipal Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — CERTIORARI — EVIDENCE — INSUFFICIENT APPLICATION—DENIAL OF WRIT.—Where the petitioner for a writ of *certiorari* to review an award of the Industrial Accident Commission makes no attempt to comply with the rule of the supreme court which provides that the application must fairly state "all the material evidence" relating to the point as to which the want of evidence is claimed to exist, and does not reply to the Commission's answer, which purports to supply much of the evidence omitted by the petitioner, the appellate court is justified in assuming that all the material evidence bearing upon the point raised by the petitioner is set forth in the Commission's answer; and where the evidence so set forth is sufficient to warrant the conclusion of the Commission, the writ will be denied.

---

(1) 11 C. J., p. 208, sec. 374.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.    Writ denied.

---

1. See 4 Cal. Jur. 1094.

The facts are stated in the opinion of the court.

William Guthrie for Petitioner.

THE COURT.—[1]  In its application for the writ of *certiorari* petitioner has made no attempt to comply with that rule of the supreme court which provides that the application must fairly state "all material evidence" relating to the point as to which the want of evidence is claimed to exist.   (Rule XXVI, subd. 4.)  Nor has petitioner seen fit to file any reply to the Commission's answer, though the time therefor has elapsed, and the answer purports to supply much of the evidence which was omitted by petitioner in its application. We therefore feel justified in assuming that all of the material evidence bearing upon the point raised by petitioner is set forth in the Commission's answer.  The evidence so set forth in the answer unquestionably is sufficient to warrant the conclusion of the Commission, and the writ, therefore, is denied.